**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|                                              |   |                              |
|----------------------------------------------|---|------------------------------|
| In re:                                       | ) | Chapter 11                   |
|                                              | ) |                              |
| SOUTHCROSS ENERGY PARTNERS, L.P., *et al.*,  | ) | Case No. 19-[_____ (___)]|
|                                              | ) | Joint Administration Requested |
| Debtors.[1]                                  | ) |                              |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) WAIVING THE
REQUIREMENTS TO FILE EQUITY LISTS AND TO PROVIDE NOTICE
TO EQUITY SECURITY HOLDERS AND (II) AUTHORIZING DEBTORS
TO FILE A CONSOLIDATED LIST OF DEBTORS' 20 LARGEST
UNSECURED CREDITORS**

Southcross Energy Partners, L.P. ("**Southcross**"), Southcross Energy Partners GP, LLC, and Southcross's wholly owned direct and indirect subsidiaries, each of which is a debtor and debtor in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of an Order (i) Waiving the Requirements To File Equity Lists and To Provide Notice to Equity Security Holders and (ii) Authorizing Debtors To File a Consolidated List of Debtors' 20 Largest Unsecured Creditors* (this "**Motion**"). This Motion is supported by the *Declaration of Michael B. Howe in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "**Howe Declaration**") filed

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southcross Energy Partners, L.P. (5230); Southcross Energy Partners GP, LLC (5141); Southcross Energy Finance Corp. (2225); Southcross Energy Operating, LLC (9605); Southcross Energy GP LLC (4246); Southcross Energy LP LLC (4304); Southcross Gathering Ltd. (7233); Southcross CCNG Gathering Ltd. (9553); Southcross CCNG Transmission Ltd. (4531); Southcross Marketing Company Ltd. (3313); Southcross NGL Pipeline Ltd. (3214); Southcross Midstream Services, L.P. (5932); Southcross Mississippi Industrial Gas Sales, L.P. (7519); Southcross Mississippi Pipeline, L.P. (7499); Southcross Gulf Coast Transmission Ltd. (0546); Southcross Mississippi Gathering, L.P. (2994); Southcross Delta Pipeline LLC (6804); Southcross Alabama Pipeline LLC (7180); Southcross Nueces Pipelines LLC (7034); Southcross Processing LLC (0672); FL Rich Gas Services GP, LLC (5172); FL Rich Gas Services, LP (0219); FL Rich Gas Utility GP, LLC (3280); FL Rich Gas Utility, LP (3644); Southcross Transmission, LP (6432); T2 EF Cogeneration Holdings LLC (0613); and T2 EF Cogeneration LLC (4976). The debtors' mailing address is 1717 Main Street, Suite 5300, Dallas, TX 75201.

contemporaneously herewith.  In support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1. By this Motion, and pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007 and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek entry of an order (the "**Proposed Order**" and, if entered, the "**Order**") (i) waiving the requirement to file a list of equity security holders for each Debtor (the "**Equity Lists**") and the requirement to give notice of the order for relief to all equity security holders of the Debtors and (ii) authorizing the Debtors to file a consolidated list of the Debtors' 20 largest unsecured creditors.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5.  On April 1, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

7.  Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the Howe Declaration, which is incorporated herein by reference.

**Basis for Relief**

<u>Cause Exists To Waive the Requirements To File the Equity List and Provide Notice to Equity Security Holders</u>

8.  Bankruptcy Rule 1007(a)(3) requires the Debtors to file the Equity Lists within 14 days after the Petition Date. Under Bankruptcy Rule 2002(d), unless otherwise ordered by the Court, the Debtors are required to give notice of the order for relief to all equity security holders.

9.  Southcross is a public company with, as of March 19, 2019, approximately 48,694,891 shares of issued and outstanding publicly held common limited partnership units. Each of the other Debtors has disclosed each of its partnership equity security holders in the corporate ownership statements filed with their respective petitions. The Debtors submit that preparing a list of Southcross's equity security holders with last known addresses and sending notices to all parties on that Equity List would be extremely expensive and time-consuming. The Debtors further submit that, to the extent that it is determined that equity security holders are entitled to distributions from the Debtors' estates, those parties will be provided with notice of

the bar date and will then have an opportunity to assert their interests. Thus, equity security holders will not be prejudiced by the relief requested herein.

10. Courts in this district have granted similar relief to that requested herein in a number of cases. *See, e.g.*, *In re Ciber, Inc.*, Case No. 17-10772 (BLS) (Bankr. D. Del. April 28, 2017) (waiving the requirement to file a list of equity security holders); *In re Hercules Offshore, Inc.*, Case No. 15-11685 (KJC) (Bankr. D. Del, Aug. 14, 2015) (waiving the requirement to file a list of equity security holders); *In re The Dolan Co.*, Case No. 14-10614 (BLS) (Bankr. D. Del. Mar. 25, 2014) (waiving the requirement to file a list of equity security holders and the requirement to provide notice directly to equity security holders); *In re PMGI Holdings, Inc.*, Case No. 13-12404 (CSS) (Bankr. D. Del. Sept. 18, 2013) (waiving the requirement to file a list of equity security holders).

11. In light of the foregoing, the Debtors submit that ample cause exists for the Court to waive the requirement under Bankruptcy Rule 1007(a)(3) to file the Equity Lists and the requirement under Bankruptcy Rule 2002(d) to send notice of the order for relief to all equity security holders of Southcross.

<u>Authority Exists To File a Single Consolidated List of the Debtors'</u>
<u>20 Largest Unsecured Creditors</u>

12. Pursuant to Bankruptcy Rule 1007(d), a debtor must file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders."

13. Here, numerous creditors are shared amongst certain of the Debtors. Compiling separate top 20 creditor lists for each individual Debtor would consume an excessive amount of the Debtors' scarce time and resources. Accordingly, the Debtors request authority to file a single, consolidated list of their 20 largest general unsecured creditors.

14. Moreover, because the Debtors will request that the Office of the United States Trustee for the District of Delaware (the "**United States Trustee**") appoint a single official committee of unsecured creditors in the Chapter 11 Cases, if one is needed at all, a consolidated list of the Debtors' largest creditors will better represent the Debtors' most significant unsecured creditors. As such, the Debtors believe that filing a single, consolidated list of the 20 largest unsecured creditors in the Chapter 11 Cases is appropriate. Similar relief has been routinely granted by courts in this district. *See, e.g.*, *In re VER Techs. HoldCo LLC*, Case No 18-10834 (KG) (Bankr. D. Del. Apr. 6, 2018) (authorizing filing of consolidated list of creditors in lieu of separate mailing matrices); *In re PES Holdings, LLC*, Case No. 18-10122 (KG) (Bankr. D. Del. Jan. 23, 2018) (same); *In re Charming Charlie Holdings, Inc*., Case No. 17-12906 (CSS) (Bankr. D. Del. Dec. 13, 2017) (same); *In re GST AutoLeather, Inc*., Case No. 17-12100 (LSS) (Bankr. D. Del. Oct. 4, 2017) (same); *In re Dex Media, Inc.*, Case No. 16-11200 (KG) (Bankr D. Del. May 18, 2016) (same).

15. Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors submit that the relief requested in this Motion is appropriate in the Chapter 11 Cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code.

## Notice

16. Notice of this Motion will be provided to (a) the United States Trustee, (b) each of the Debtors' 20 largest unsecured creditors on a consolidated basis, (c) Vinson & Elkins LLP, as counsel to Wells Fargo Bank, N.A., the administrative agent under Southcross's prepetition secured revolving credit facility, (d) (x) Arnold & Porter Kaye Scholer LLP and (y) Young Conaway Stargatt & Taylor, LLP, as counsel to Wilmington Trust, N.A., the administrative

agent under Southcross's prepetition secured term loan facility and post-petition credit facility, (e) Willkie Farr & Gallagher LLP, as counsel to the post-petition lenders and an ad hoc group of prepetition lenders, (f) Debevoise & Plimpton LLP, as counsel to Southcross Holdings LP, (g) the Securities and Exchange Commission, (h) the Internal Revenue Service, (i) the United States Attorney's Office for the District of Delaware, and any other party that has requested notice pursuant to Local Rule 2002-1(b) (collectively, the "**Notice Parties**").

17. A copy of this Motion and any order approving it will also be made available on the Debtors' case information website located at http://www.kccllc.net/southcrossenergy.

## No Prior Request

18. The Debtors have not previously sought the relief requested herein from the Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: April 1, 2019
Wilmington, Delaware

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Robert J. Dehney*
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
Eric W. Moats (No. 6441)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Tel.: (302) 658-9200
Fax: (302) 658-3989
rdehney@mnat.com
aremming@mnat.com
jbarsalona@mnat.com
emoats@mnat.com

-and-

DAVIS POLK & WARDWELL LLP

Marshall S. Huebner (*pro hac vice* pending)
Darren S. Klein (*pro hac vice* pending)
Steven Z. Szanzer (*pro hac vice* pending)
Benjamin M. Schak (*pro hac vice* pending)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Fax: (212) 701-5800
marshall.huebner@davispolk.com
darren.klein@davispolk.com
steven.szanzer@davispolk.com
benjamin.schak@davispolk.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SOUTHCROSS ENERGY PARTNERS, L.P., *et al.*, | ) ) ) | Case No. 19-[_____ (___)] |
| Debtors.[1] | ) ) ) | Jointly Administered |

## ORDER (I) WAIVING THE REQUIREMENTS TO FILE EQUITY LISTS AND TO PROVIDE NOTICE TO EQUITY SECURITY HOLDERS AND (II) AUTHORIZING DEBTORS TO FILE A CONSOLIDATED LIST OF DEBTORS' 20 LARGEST UNSECURED CREDITORS

Upon the motion (the "**Motion**")[2] of Southcross Energy Partners, L.P. ("**Southcross**"), Southcross Energy Partners GP, LLC, and Southcross's wholly owned direct and indirect subsidiaries, each of which is a debtor and debtor in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1007 and 2002, (i) waiving the requirement to file the Equity Lists and the requirement to give notice of the order for

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southcross Energy Partners, L.P. (5230); Southcross Energy Partners GP, LLC (5141); Southcross Energy Finance Corp. (2225); Southcross Energy Operating, LLC (9605); Southcross Energy GP LLC (4246); Southcross Energy LP LLC (4304); Southcross Gathering Ltd. (7233); Southcross CCNG Gathering Ltd. (9553); Southcross CCNG Transmission Ltd. (4531); Southcross Marketing Company Ltd. (3313); Southcross NGL Pipeline Ltd. (3214); Southcross Midstream Services, L.P. (5932); Southcross Mississippi Industrial Gas Sales, L.P. (7519); Southcross Mississippi Pipeline, L.P. (7499); Southcross Gulf Coast Transmission Ltd. (0546); Southcross Mississippi Gathering, L.P. (2994); Southcross Delta Pipeline LLC (6804); Southcross Alabama Pipeline LLC (7180); Southcross Nueces Pipelines LLC (7034); Southcross Processing LLC (0672); FL Rich Gas Services GP, LLC (5172); FL Rich Gas Services, LP (0219); FL Rich Gas Utility GP, LLC (3280); FL Rich Gas Utility, LP (3644); Southcross Transmission, LP (6432); T2 EF Cogeneration Holdings LLC (0613); and T2 EF Cogeneration LLC (4976). The debtors' mailing address is 1717 Main Street, Suite 5300, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

relief to all equity security holders of the Debtors and (ii) authorizing the Debtors to file a consolidated list of the Debtors' 20 largest unsecured creditors, as more fully described in the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Howe Declaration; and the Court having held a hearing on the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is hereby granted as set forth herein.

2. The requirement under Bankruptcy Rule 1007(a)(3) to file Equity Lists is hereby waived.

3. The requirement under Bankruptcy Rule 2002(d) to give notice to all equity holders of the Debtors of the orders for relief is hereby waived.

4. The Debtors are authorized to file a consolidated list of their 20 largest unsecured creditors in the Chapter 11 Cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

5. Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

6. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

7. Proper, timely, adequate, and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

8. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
       Wilmington, Delaware

                                          THE HONORABLE [●]
                                          UNITED STATES BANKRUPTCY JUDGE