**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SOUTHCROSS ENERGY PARTNERS, L.P., *et al.*, | ) ) ) | Case No. 19-10702 (MFW) |
| Debtors.[1] | ) ) | Jointly Administered |
|  | ) ) ) ) | Hearing Date: Aug. 12, 2019 at 11:00 (ET) Obj. Deadline: Aug. 5, 2019 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER APPROVING STIPULATION BETWEEN DEBTORS AND FURMANITE AMERICA, LLC (f/k/a FURMANITE AMERICA, INC.), FURMANITE LLC (f/k/a FURMANITE CORPORATION), AND FURMANITE LOUISIANA, LLC (f/k/a FURMANITE US GSG LLC), AND <u>GALBRAITH CONTRACTING, INC., MODIFYING AUTOMATIC STAY</u>**

Southcross Energy Partners, L.P. ("**Southcross**"), Southcross Energy Partners GP, LLC, and Southcross's wholly owned direct and indirect subsidiaries, each of which is a debtor and debtor in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of an Order Approving Stipulation Between Debtors and Furmanite America, LLC (f/k/a Furmanite America, Inc.), Furmanite LLC (f/k/a Furmanite Corporation), and Furmanite Louisiana, LLC (f/k/a Furmanite US GSG LLC), and Galbraith Contracting, Inc., Modifying Automatic Stay* (this "**Motion**"),

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southcross Energy Partners, L.P. (5230); Southcross Energy Partners GP, LLC (5141); Southcross Energy Finance Corp. (2225); Southcross Energy Operating, LLC (9605); Southcross Energy GP LLC (4246); Southcross Energy LP LLC (4304); Southcross Gathering Ltd. (7233); Southcross CCNG Gathering Ltd. (9553); Southcross CCNG Transmission Ltd. (4531); Southcross Marketing Company Ltd. (3313); Southcross NGL Pipeline Ltd. (3214); Southcross Midstream Services, L.P. (5932); Southcross Mississippi Industrial Gas Sales, L.P. (7519); Southcross Mississippi Pipeline, L.P. (7499); Southcross Gulf Coast Transmission Ltd. (0546); Southcross Mississippi Gathering, L.P. (2994); Southcross Delta Pipeline LLC (6804); Southcross Alabama Pipeline LLC (7180); Southcross Nueces Pipelines LLC (7034); Southcross Processing LLC (0672); FL Rich Gas Services GP, LLC (5172); FL Rich Gas Services, LP (0219); FL Rich Gas Utility GP, LLC (3280); FL Rich Gas Utility, LP (3644); Southcross Transmission, LP (6432); T2 EF Cogeneration Holdings LLC (0613); and T2 EF Cogeneration LLC (4976). The debtors' mailing address is 1717 Main Street, Suite 5300, Dallas, TX 75201.

approving a stipulation entered between (i) the Debtors and (ii) Furmanite America, LLC (f/k/a Furmanite America, Inc.), Furmanite LLC (f/k/a Furmanite Corporation), and Furmanite Louisiana, LLC (f/k/a Furmanite US GSG LLC) (collectively, "**Furmanite**") and Galbraith Contracting, Inc. ("**Galbraith**," together with Furmanite, the **Counter-Claimants"**) for relief from the automatic stay.  In support of the Motion, the Debtors respectfully represent as follows:

## Relief Requested

1. By this Motion, pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 4001 and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**'), the Debtors seek entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as <u>Exhibit A</u>, approving the *Stipulation Between Debtors and Furmanite America, LLC (f/k/a Furmanite America, Inc.), Furmanite LLC (f/k/a Furmanite Corporation), and Furmanite Louisiana, LLC (f/k/a Furmanite US GSG LLC), and Galbraith Contracting, Inc., Modifying Automatic Stay*, dated July 29, 2019 (the "**Stipulation**"), attached to the Proposed Order as <u>Exhibit 1</u>.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent

of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5. On April 1, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

7. Additional information about the Debtors' businesses and affairs, capital structure and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Michael B. Howe in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* [D.I. 2], which is incorporated herein by reference.

8. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [D.I. 48] entered by the Court on April 2, 2019 in each of the Chapter 11 Cases.

9. In *Southcross Energy Partners GP, LLC v. Furmanite America, Inc., et al.*, No. DC-16-139-B (Dist. Ct., Duval Cnty., Tex.) (known as "**The B Case**"), Southcross Energy Partners GP, LLC, Southcross Energy Partners, LP, Southcross NGL Pipeline, Ltd., Southcross Processing, LLC and Southcross CCNG Transmission, Ltd. (the "**Debtor Claimants**" and "**Debtor Counter-Defendants**") have asserted claims against the Counter-Claimants for alleged

breach of contract and indemnity for damages arising from an explosion on April 12, 2016, near Woodsboro, Texas (the "**Explosion**").

10. The Counter-Claimants have asserted and/or reserve the right to assert counter-claims against the Debtor Counter-Defendants in the B Case for alleged breach of contract, indemnity for damages including costs for settlements and defense arising from the Explosion, declaratory judgment and for attorneys' fees, court costs and applicable interest, including (but not limited to) with respect to claims asserted by Eric Hartzell in the case styled *Eric Hartzell v. Furmanite America, Inc., et al.,* No. DC-16-139-E (Dist. Ct., Duval Cnty., Tex.) (known as "**The E Case**," and together with the B Case, the "**Claims**").

11. Since June 10, 2019, counsel for the Debtor Counter-Defendants and counsel for the Counter-Claimants have engaged in good faith, arms' length negotiations involving several communications concerning the Claims, which culminated in the Stipulation.

12. Pursuant to the Stipulation,[2] and subject to the terms therein, the Counter-Claimants agree to seek recovery for the Claims only (i) from the insurance coverage, if any, available under one or more policies available to the Debtor Counter-Defendants (the "**Available Coverage**"),[3] and/or (ii) via set-off, off-set, recoupment or other credit against claims asserted by the Debtors' insurers against Furmanite and/or Galbraith (which may be asserted in the name of Debtors) (the "**Set-Off Credits**").

---

[2] In the event of any inconsistency between the terms described herein and the terms of the Stipulation, the terms of the Stipulation shall govern.

[3] Available Coverage includes, but may not be limited to the following policies: Liberty Mutual Fire Insurance Co. (CGL) Policy No. TB2-641-438948-045; National Fire & Marine Insurance Company; (Umbrella) Policy No. 42-UMO-100036-03; National Union Fire Insurance Company of Pittsburg, PA.; (Excess) Policy No. 13200589; Axis Surplus Insurance Company; (Excess) Policy No. EAU782504/01/2015; RSUI Indemnity Company; (Excess) Policy No. NHA072742.

**Basis for Relief**

13. Pursuant to this Motion, the Debtors seek entry of the Proposed Order approving the Stipulation.

14. This relief requested is authorized by Bankruptcy Rule 4001, which provides for relief from the automatic stay by agreement and subject to approval of the Court. Moreover, the Court has broad discretion to terminate, annul, modify, or condition the automatic stay for cause pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, and has wide discretion to approve settlements and stipulations pursuant to Bankruptcy Rule 9019.

15. To determine whether cause exists to grant relief from the stay to pursue litigation in another forum, bankruptcy courts in this district employ the following three-prong hardship balancing test: (i) whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (ii) whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and (iii) whether the creditor has a probability of prevailing on the merits. *See In re Rexene Products Co.*, 141 B.R. 576, 574 (Bankr. D. Del. 1992) (interpreting cause under section 362 of the Bankruptcy Code).

16. To the extent these factors apply to this Motion, cause exists to approve the Stipulation as the Debtor Counter-Defendants and the Counter-Claimants have agreed and stipulated to permit the actions to proceed pursuant to the terms of the Stipulation.

17. Additionally, the Stipulation and its approval are in the best interests of the Debtors and their estates because the Debtors desire a final resolution of the Claims against the Debtor Counter-Defendants and because the Counter-Claimants have agreed to only enforce any judgment against the Debtor Counter-Defendants to the extent of Available Coverage and/or via Set-Off Credits.

18. Based upon the foregoing, the Debtors reasonably believe that approval of the Stipulation is in the best interest of their estates, creditors, and parties in interest, and respectfully request that the Court approve the Stipulation.

### Notice

19. Notice of this Motion will be provided to the following parties or, in lieu thereof, their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware, (b) counsel to the Furmanite Counter-Claimants, (c) counsel to Galbraith,  (d) each of the Debtors' 20 largest unsecured creditors on a consolidated basis, (e) Vinson & Elkins LLP, as counsel to Wells Fargo Bank, N.A., the administrative agent under Southcross's prepetition secured revolving credit facility, (f) (x) Arnold & Porter Kaye Scholer LLP and (y) Duane Morris LLP, as counsel to Wilmington Trust, N.A., the administrative agent under Southcross's prepetition secured term loan facility and post-petition credit facility, (g) (x) Willkie Farr & Gallagher LLP and (y) Young Conaway Stargatt & Taylor, LLP, as counsel to the post-petition lenders and an ad hoc group of prepetition lenders, (h) Debevoise & Plimpton LLP, as counsel to Southcross Holdings LP, (i) Liberty Mutual Fire Insurance Company, (j) National Fire & Marine Insurance Company, (k) National Union Fire Insurance Company of Pittsburgh, Pennsylvania, (l) Axis Surplus Insurance Company, (m) RSUI Indemnity Company, and (n) any party that has requested to be provided notice under Bankruptcy Rule 2002.  A copy of this Motion and any order approving it will also be made available on the Debtors' Case Information Website located at http://www.kccllc.net/southcrossenergy.  Based on the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and such other further relief as the Court deems just and proper.

Dated:    July 29, 2019
             Wilmington, Delaware

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Joseph C. Barsalona II*
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Joseph C. Barsalona II (No. 6102)
Eric W. Moats (No. 6441)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Tel.: (302) 658-9200
Fax: (302) 658-3989
rdehney@mnat.com
aremming@mnat.com
jbarsalona@mnat.com
emoats@mnat.com

-and-

DAVIS POLK & WARDWELL LLP

Marshall S. Huebner (admitted *pro hac vice*)
Elliot Moskowitz (admitted *pro hac vice*)
Darren S. Klein (admitted *pro hac vice*)
Adam G. Mehes (admitted *pro hav vice*)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Fax: (212) 701-5800
marshall.huebner@davispolk.com
elliot.moskowitz@davispolk.com
darren.klein@davispolk.com
adam.mehes@davispolk.com

*Counsel to the Debtors and Debtors in Possession*