# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| SOUTHCROSS ENERGY PARTNERS, L.P., *et al.*, | ) Case No. 19-10702 (MFW) |
|  | ) |
|  | ) Jointly Administered |
| Debtors.[1] | ) |
|  | ) **Re: D.I. 440** |
|  | ) |

## ORDER (I) DESIGNATING STALKING HORSE BIDDER IN CONNECTION WITH THE CORPUS CHRISTI PIPELINE NETWORK ASSETS, (II) APPROVING BID PROTECTIONS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Southcross Energy Partners, L.P. ("**Southcross**"), Southcross Energy Partners GP, LLC, and Southcross's wholly owned direct and indirect subsidiaries, each of which is a debtor and debtor in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 105(a), 363, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, and Local Rule 6004-1, (i) designating Stalking Horse Bidder in connection with the Corpus Christie pipeline network assets, (ii) approving Bid Protections, and (iii) granting related relief, as more fully described in

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southcross Energy Partners, L.P. (5230); Southcross Energy Partners GP, LLC (5141); Southcross Energy Finance Corp. (2225); Southcross Energy Operating, LLC (9605); Southcross Energy GP LLC (4246); Southcross Energy LP LLC (4304); Southcross Gathering Ltd. (7233); Southcross CCNG Gathering Ltd. (9553); Southcross CCNG Transmission Ltd. (4531); Southcross Marketing Company Ltd. (3313); Southcross NGL Pipeline Ltd. (3214); Southcross Midstream Services, L.P. (5932); Southcross Mississippi Industrial Gas Sales, L.P. (7519); Southcross Mississippi Pipeline, L.P. (7499); Southcross Gulf Coast Transmission Ltd. (0546); Southcross Mississippi Gathering, L.P. (2994); Southcross Delta Pipeline LLC (6804); Southcross Alabama Pipeline LLC (7180); Southcross Nueces Pipelines LLC (7034); Southcross Processing LLC (0672); FL Rich Gas Services GP, LLC (5172); FL Rich Gas Services, LP (0219); FL Rich Gas Utility GP, LLC (3280); FL Rich Gas Utility, LP (3644); Southcross Transmission, LP (6432); T2 EF Cogeneration Holdings LLC (0613); and T2 EF Cogeneration LLC (4976). The debtors' mailing address is 1717 Main Street, Suite 5300, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Hannan Declaration; and the Court having the opportunity to hold a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found that the relief granted herein being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings before the Court; and after due deliberation, and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     The relief requested in the Motion is hereby granted as set forth herein.

2.     All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits.

3.     The Debtors are authorized to enter into the Stalking Horse Agreement, in the form attached to the Motion and as may be modified or amended from time to time so long as the Purchase Price and Bid Protections are unaffected, with the Stalking Horse Bidder, subject to the terms and conditions set forth therein, in the Bidding Procedures Order, and this Order.

4. The Debtors are authorized to pay the Break-Up Fee and Expense Reimbursement as provided in the Stalking Horse Agreement, subject to the terms and conditions set forth therein, in the Bidding Procedures Order, this Order, and the Sale Order.

5. Until paid, any Break-Up Fee or Expense Reimbursement approved pursuant to this Order shall constitute an allowed administrative expense claim arising in the Chapter 11 Cases under sections 503(b) and 507(a)(2) of the Bankruptcy Code; *provided, however*, to the extent that the Bid Protections become payable to the Buyer pursuant to the Stalking Horse Agreement and there is a consummated Superior Proposal, the Bid Protections shall be payable from the first proceeds received by the Debtors from any such Superior Proposal upon consummation of such Superior Proposal, in priority to any other payments from the proceeds of the Superior Proposal.

6. In accordance with the Bidding Procedures Order, upon entry of this Order, each bid for the CCPN Assets will only constitute a Qualified Bid if the consideration provided is equal to at least the following: (a) the consideration set forth in the Stalking Horse Agreement; *plus* (b) the aggregate amount of any approved Bid Protections; *plus* (c) a Minimum Overbid of $250,000.

7. The Stalking Horse Bidder shall constitute a Qualified Bidder, with respect to the CCPN Assets, for all purposes and in all respects with regard to the Auction, the Bidding Procedures Order, and the overall bidding process.

8. Entry of this Order shall not prejudice the relief set forth in the Bidding Procedures Order, unless explicitly stated herein.

9. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

10. Proper, timely, adequate, and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

11. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: August 30th, 2019**
**Wilmington, Delaware**

4

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**