### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SOUTHCROSS ENERGY PARTNERS, | ) | Case No. 19-10702 (MFW) |
| L.P., *et al.*, | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |
| | ) | **D.I. 485** |
| | ) | |

### ORDER (I) APPROVING THE SETTLEMENT BY AND AMONG DEBTORS AND SOUTHCROSS HOLDINGS ENTITIES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Southcross Energy Partners, L.P. ("**Southcross**"),

Southcross Energy Partners GP, LLC, and Southcross's wholly owned direct and indirect

subsidiaries, each of which is a debtor and debtor in possession in the Chapter 11 Cases

(collectively, the "**Debtors**"), for entry of an order, pursuant to sections 105(a) and 363(b) of the

Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement memorialized in the

Settlement Agreement, as more fully described in the Motion; and the Court having jurisdiction

to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southcross Energy Partners, L.P. (5230); Southcross Energy Partners GP, LLC (5141); Southcross Energy Finance Corp. (2225); Southcross Energy Operating, LLC (9605); Southcross Energy GP LLC (4246); Southcross Energy LP LLC (4304); Southcross Gathering Ltd. (7233); Southcross CCNG Gathering Ltd. (9553); Southcross CCNG Transmission Ltd. (4531); Southcross Marketing Company Ltd. (3313); Southcross NGL Pipeline Ltd. (3214); Southcross Midstream Services, L.P. (5932); Southcross Mississippi Industrial Gas Sales, L.P. (7519); Southcross Mississippi Pipeline, L.P. (7499); Southcross Gulf Coast Transmission Ltd. (0546); Southcross Mississippi Gathering, L.P. (2994); Southcross Delta Pipeline LLC (6804); Southcross Alabama Pipeline LLC (7180); Southcross Nueces Pipelines LLC (7034); Southcross Processing LLC (0672); FL Rich Gas Services GP, LLC (5172); FL Rich Gas Services, LP (0219); FL Rich Gas Utility GP, LLC (3280); FL Rich Gas Utility, LP (3644); Southcross Transmission, LP (6432); T2 EF Cogeneration Holdings LLC (0613); and T2 EF Cogeneration LLC (4976). The debtors' mailing address is 1717 Main Street, Suite 5300, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Settlement Agreement (as applicable).

*Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and opportunity for a hearing on the Motion having been given to the parties listed therein; and the Court having reviewed and considered the Motion and the Declarations; and the Court having the opportunity to hold a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is hereby granted as set forth herein.

2.      The Settlement Agreement attached hereto as Exhibit 1 is hereby approved, including, without limitation, the releases set forth in Section 8 of the Settlement Agreement, which shall be binding on the parties in accordance with the terms and conditions of the Settlement Agreement.

3.      The Debtors are hereby authorized to enter into and perform their obligations under the Settlement Agreement with the Southcross Holdings Entities.

4.      The Debtors are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately effectuate the Settlement, including, without limitation, entry into and performing under the Stock Purchase Agreement, in accordance with the terms, conditions, and agreements set forth in the Settlement Agreement, all of which are hereby approved.

5.      The Southcross Holdings Entities are directed, upon entry of this order, to immediately perform all of their obligations under the Settlement Agreement including, but not limited to, the remittance of the Cash Payment and the transfer of the Acquired Companies.

6.      The Adversary Proceedings are hereby stayed, including all applicable deadlines therein.

7.      If any Key Settlement Component is subsequently unwound, or approval of any Key Settlement Component is overturned, rescinded, or reversed on a subsequent appeal of the Approval Order, each other Key Settlement Component shall be similarly unwound, overturned, overturned, rescinded, or reversed.

8.      Nothing in this Order shall be deemed to constitute (a) a grant of third party beneficiary status or bestowal of any additional rights on any third party or (b) a waiver of any rights, claims, or defenses of the Debtors.

9.      Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

11.    Proper, timely, adequate, and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

12.    This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 25th, 2019**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**