# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SOUTHCROSS ENERGY PARTNERS, L.P., *et al.*, | Case No. 19-10702 (MFW) |
| | (Jointly Administered) |
| Debtors.[1] | Hearing Date: Oct. 22, 2019 at 10:30 a.m. (ET) |
| | Objection Deadline: Oct. 21, 2019 at 12:00 p.m. (ET) |

## NOTICE REGARDING AUCTION WITH RESPECT TO CCPN ASSETS

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**") on April 1, 2019.

**PLEASE TAKE FURTHER NOTICE** that, on May 22, 2019, the Debtors filed a motion (the "**Bidding Procedures Motion**") with the Court seeking entry of orders, among other things, approving (a) procedures for the solicitation of bids in connection with the proposed sale(s) (the "**Sale Transaction(s)**") of all or substantially all of the Debtors' assets, subject to an auction process (the "**Auction**") that contemplated the possible selection of one or more stalking horse bidders (the "**Stalking Horse Bidder(s)**"), (b) the form and manner of notice related to the Sale Transaction(s), and (c) procedures for the assumption and assignment of contracts and leases in connection with the Sale Transaction(s) (the "**Assumption and Assignment Procedures**").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southcross Energy Partners, L.P. (5230); Southcross Energy Partners GP, LLC (5141); Southcross Energy Finance Corp. (2225); Southcross Energy Operating, LLC (9605); Southcross Energy GP LLC (4246); Southcross Energy LP LLC (4304); Southcross Gathering Ltd. (7233); Southcross CCNG Gathering Ltd. (9553); Southcross CCNG Transmission Ltd. (4531); Southcross Marketing Company Ltd. (3313); Southcross NGL Pipeline Ltd. (3214); Southcross Midstream Services, L.P. (5932); Southcross Mississippi Industrial Gas Sales, L.P. (7519); Southcross Mississippi Pipeline, L.P. (7499); Southcross Gulf Coast Transmission Ltd. (0546); Southcross Mississippi Gathering, L.P. (2994); Southcross Delta Pipeline LLC (6804); Southcross Alabama Pipeline LLC (7180); Southcross Nueces Pipelines LLC (7034); Southcross Processing LLC (0672); FL Rich Gas Services GP, LLC (5172); FL Rich Gas Services, LP (0219); FL Rich Gas Utility GP, LLC (3280); FL Rich Gas Utility, LP (3644); Southcross Transmission, LP (6432); T2 EF Cogeneration Holdings LLC (0613); and T2 EF Cogeneration LLC (4976). The debtors' mailing address is 1717 Main Street, Suite 5300, Dallas, TX 75201.

**PLEASE TAKE FURTHER NOTICE** that, on June 13, 2019, the Court entered an order [D.I. 324] (the "**Bidding Procedures Order**")[2] approving, among other things, the Bidding Procedures, which established key dates and times related to the Sale Transaction(s) and the Auction, certain of which were subsequently revised pursuant to notices filed with the Court.

**PLEASE TAKE FURTHER NOTICE** that, on June 13, 2019, in accordance with the Bidding Procedures Order, the Debtors filed a *Notice of Sale, Bidding Procedures, Auction and Sale Hearing* [D.I. 326] (the "**Initial Sale Notice**"), which, among things, set forth dates established by the Bidding Procedures for the Sale Objection Deadline (as defined therein), the Auction, and the Sale Hearing (as defined therein).

**PLEASE TAKE FURTHER NOTICE** that, on June 13, 2019, in accordance with the Bidding Procedures Order, the Debtors filed and served on each Counterparty the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.I. 327] (collectively, with the Potential Assumed Contracts Schedule attached thereto as <u>Exhibit A</u>, the "**Potential Assumption and Assignment Notice**").

**PLEASE TAKE FURTHER NOTICE** that, on August 15, 2019, the Debtors filed and served on each Counterparty the *Supplemental Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.I. 429] (collectively, with the First Supplemental Potential Assumed Contracts Schedule (as defined below) attached thereto as <u>Exhibit A</u>, the "**Supplemental Assumption and Assignment Notice**"), along with an amended, supplemented, and updated schedule identifying the Potential Assumed Contracts (the "**First Supplemental Potential Assumed Contracts Schedule**" and, together with the Potential Assumed Contracts Schedule, the "**Prior Potential Assumed Contracts Schedules**") reflecting, among other things: (a) the addition by the Debtors of certain contracts and leases not listed on the Potential Assumed Contracts Schedule as Assumed Contracts and Assumed Leases; (b) the removal by the Debtors of certain contracts and leases listed on the Potential Assumed Contracts Schedule as Assumed Contracts and Assumed Leases; and (c) the Debtors update of the Cure Costs with respect to certain Assumed Contracts and Assumed Leases.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bidding Procedures Order and the Initial Sale Notice, the Debtors established September 10, 2019 at 4:00 p.m. (prevailing Eastern Time) as the Sale Objection Deadline. Prior to the expiration of the Sale Objection Deadline, the Debtors agreed to extend the Sale Objection Deadline

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order. To the extent of any inconsistencies between the Bidding Procedures Order and the summary descriptions of the Bidding Procedures Order in this Notice Regarding Auction With Respect to CCPN Assets (the "**CCPN Auction Notice**"), the terms of the Bidding Procedures Order shall control in all respects.

for certain parties in interest (collectively, the "**Extended Parties**"). All other parties that failed to file an objection by the foregoing Sale Objection Deadline are barred from asserting any objection to the Sale Order(s) or the Sale Transaction(s), including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances, and other interests.

**PLEASE TAKE FURTHER NOTICE** that, on August 24, 2019, in accordance with the Bidding Procedures Order, the Debtors filed a motion [D.I. 440] (the "**CCPN Stalking Horse Motion**") seeking entry of an order, among other things, approving (a) the designation of Kinder Morgan Tejas Pipeline LLC ("**Kinder Morgan**") as the Stalking Horse Bidder with respect to the sale of the CCPN Assets (as defined therein) and (b) the Bid Protections (as defined therein). On August 30, 2019, the Court entered an order [D.I. 455] approving the CCPN Stalking Horse Motion. On September 13, 2019, the Debtors filed a *Notice of Revised Asset Purchase Agreement* with respect to the CCPN Assets [D.I. 471], which attached thereto as Exhibit A the executed asset purchase agreement (including a Proposed Assumed Contracts Schedule) that served as the Stalking Horse Bid for the CCPN Assets.

**PLEASE TAKE FURTHER NOTICE** that, on September 19, 2019, the Debtors filed the *Notice of Revised Timeline* [D.I. 493] (the "**Revised Sale Notice**") setting forth, among other things, a revised Auction schedule whereby the Auction with respect to the CCPN Assets was to be conducted at the offices of Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 on Thursday, October 17, 2019 at 2:00 p.m. (prevailing Eastern Time) (or such later time on such day or such other place as the Debtors were to notify all Participating Parties).

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bidding Procedures Order, on September 23, 2019, the Debtors filed the *Second Supplemental Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [D.I. 496] (together with the Second Supplemental Potential Assumed Contracts Schedule (as defined below), the "**Second Supplemental Notice**"), which attached thereto as Exhibit A a schedule of certain Potential Assumed Contracts (the "**Second Supplemental Potential Assumed Contracts Schedule**") reflecting, among other things, the addition of certain contracts and leases not listed on the Prior Potential Assumed Contracts Schedules as Assumed Contracts and Assumed Leases.

**PLEASE TAKE FURTHER NOTICE** that, on October 18, 2019, the Debtors filed the *Notice Regarding Auctions* [D.I. 552], providing notice that, among other things, the Auction relating to the CCPN Assets was adjourned to a date no later than Monday, October 21, 2019, and that the Debtors would notify all Participating Parties of the rescheduled time and place (if any).

**PLEASE TAKE FURTHER NOTICE** that the Debtors did not receive any Qualified Bids for the CCPN Assets other than the Stalking Horse Bid from Kinder Morgan. As a result, and in accordance with the Bidding Procedures Order, the Debtors cancelled the Auction for the CCPN Assets and determined that Kinder Morgan is the

Successful Bidder for the CCPN Assets. As required by the Bidding Procedures Order, (a) attached hereto as <u>Exhibit A</u> is the Proposed Assumed Contracts Schedule relating to the CCPN Assets (as may be amended in accordance with the terms of Magnolia's executed asset purchase agreement) and (b) attached hereto as <u>Exhibit B</u> and <u>Exhibit C</u>, respectively, are clean and redline (marked against the version filed with the Court) copies of the Sale Order relating to the CCPN Assets. Please be advised that the assumption and assignment of the contracts and leases listed on the Proposed Assumed Contracts Schedule relating to the CCPN Assets is not guaranteed and is subject to approval by the Court and any rights set forth in Kinder Morgan's executed asset purchase agreement that the Debtors or Magnolia may have to remove contracts and leases from such Proposed Assumed Contracts Schedule.

## Obtaining Additional Information

Copies of all documents referenced herein and filed with the Court are available free of charge on the Debtors' case information website, located at *http://www.kccllc.net/southcrossenergy* or can be requested by email at SouthcrossInfo@kccllc.com.

## Important Dates and Deadlines[3]

1. **Objection Deadline**. The deadline for (a) the Extended Parties to file an objection with the Court to the Sale Order(s) or the Sale Transaction(s) (collectively, the "**Sale Objections**") and (b) a Counterparty to file an objection with the Court to the assumption and assignment of the contracts and leases listed on the Proposed Assumed Contracts Schedule (other than for Cure Costs, unless modified in the Proposed Assumed Contracts Schedule from a previously-stated amount) (the "**Assumption and Assignment Objections**", and together with the Sale Objections, the "**Objections**") is **October 21, 2019 at 12:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

2. **Sale Hearing**. A hearing (the "**Sale Hearing**") to consider the proposed Sale Transaction(s) will be held before the Court on **October 22, 2019 at 10:30 a.m. (prevailing Eastern Time)** or such other date and time as determined by the Court, at 824 North Market Street, Wilmington, Delaware 19801.

## Filing Objections

Objections, if any, must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) comply with the Bankruptcy Code, Bankruptcy Rules, and

---

[3] The following dates and deadlines have been extended by the Debtors, in accordance with the Bidding Procedures and the Bidding Procedures Order, pursuant to the Revised Sale Notice, from the dates and deadlines set forth in the Initial Sale Notice. Such dates and deadlines may be further amended by the Debtors or the Court in accordance with the terms of the Bidding Procedures and the Bidding Procedures Order.

Local Rules, (d) be filed with the Court no later than the Objection Deadline, and (e) no later than the Objection Deadline, be served on (1) counsel to the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Marshall S. Huebner, Darren S. Klein, and Steven Z. Szanzer and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney, Andrew R. Remming, Joseph C. Barsalona II, and Eric W. Moats; (2) counsel to Wilmington Trust, N.A., the administrative agent under Southcross's prepetition secured revolving credit facility, prepetition secured term loan facility, and post-petition credit facility (A) Arnold & Porter Kaye Scholer LLP, 250 West 55th Street New York, New York 10019-9710, Attn: Alan Glantz and Arnold & Porter Kaye Scholer LLP, 70 West Madison Street Suite 4200 Chicago, Illinois 60602-4231, Attn: Seth J. Kleinman and (B) Duane Morris LLP, 222 Delaware Avenue, Suite 1600, Wilmington, Delaware 19801-1659, Attn: Christopher M. Winter; (3) counsel to the post-petition lenders and an ad hoc group of prepetition lenders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099, Attn: Joseph G. Minias, Paul V. Shalhoub, and Debra C. McElligott and (B) Young Conaway Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Edmon L. Morton and Matthew B. Lunn; (4) counsel to any official committee appointed in the Chapter 11 Cases; (5) counsel to Southcross Holdings LP, Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022, Attn: M. Natasha Labovitz, Jasmine Ball, and Daniel E. Stroik; and (6) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801.

### **CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION**

*Any Extended Party who fails to file a Sale Objection on or before the Objection Deadline, in accordance with the Bidding Procedures Order, the Revised Sale Notice, the Notice Regarding Auctions, and this CCPN Auction Notice shall be forever barred from asserting any objection to the Sale Order(s) or the Sale Transaction(s), including with respect to the transfer of the assets free and clear of all liens, claims, encumbrances, and other interests.*

*Any Counterparty to an Assumed Contract or Assumed Lease who fails to file an Assumption and Assignment Objection on or before the Objection Deadline, in accordance with the Assumption and Assignment Procedures, the Bidding Procedures Order, the Revised Sale Notice, the Potential Assumption and Assignment Notice, the Supplemental Assumption and Assignment Notice, the Second Supplemental Notice, the Notice Regarding Auctions, and this CCPN Auction Notice (as applicable) shall be deemed to have consented with respect to the ability of the Successful Bidder(s) to provide adequate assurance of future performance (and the Debtors' proposed Cure Costs, to the extent modified in the Proposed Assumed Contracts Schedule from a previously-stated amount) and shall be forever barred from asserting any objection or claim against the Debtors, the Successful Bidder (i.e., the Stalking Horse Bidder), or the property of any such parties, relating to the assumption and assignment of such Assumed Contract or Assumed Lease (including asserting additional Cure Costs with respect to such contract or lease).*

## **NO SUCCESSOR LIABILITY**

*The Debtors provide midstream services to natural gas producers and customers, including natural gas gathering, processing, treatment, and compression and access to natural gas liquid ("NGL") fractionation and transportation services and also purchase and sell natural gas and NGLs. For more information on the Debtors' businesses or their products, refer to the Declaration of Michael B. Howe in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings [D.I. 2]. The Sale Transaction(s) will be free and clear of, among other things, any claim arising from any conduct of the Debtors prior to the closing of the Sale Transaction(s), whether known or unknown, whether due or to become due, whether accrued, absolute, contingent, or otherwise, so long as such claim arises out of or relates to events occurring prior to the closing of the Sale Transaction(s). Accordingly, as a result of the Sale Transaction(s), the Successful Bidder(s) (i.e., the Stalking Horse Bidder(s)) will not be a successor to any of the Debtors by reason of any theory of law or equity, and will have no liability, except as expressly provided in a definitive agreement reached between the Debtors and Successful Bidder approved by the Court, for any liens, claims, encumbrances, and other interests against or in any of the Debtors under any theory of law, including successor liability theories.*

*[The Remainder of This Page Intentionally Left Blank]*

Dated: October 20, 2019
Wilmington, Delaware

    Respectfully submitted,

    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

    */s/ Joseph C. Barsalona II*
    Robert J. Dehney (No. 3578)
    Andrew R. Remming (No. 5120)
    Joseph C. Barsalona II (No. 6102)
    Eric W. Moats (No. 6441)
    1201 North Market Street, 16th Floor
    P.O. Box 1347
    Wilmington, Delaware 19899-1347
    Tel.: (302) 658-9200
    Fax: (302) 658-3989
    rdehney@mnat.com
    aremming@mnat.com
    jbarsalona@mnat.com
    emoats@mnat.com

    -and-

    DAVIS POLK & WARDWELL LLP

    Marshall S. Huebner (admitted *pro hac vice*)
    Darren S. Klein (admitted *pro hac vice*)
    Steven Z. Szanzer (admitted *pro hac vice*)
    450 Lexington Avenue
    New York, New York 10017
    Tel.: (212) 450-4000
    Fax: (212) 701-5800
    marshall.huebner@davispolk.com
    darren.klein@davispolk.com
    steven.szanzer@davispolk.com

    *Counsel to the Debtors and Debtors in Possession*