IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____
|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SOUTHCROSS ENERGY PARTNERS, L.P., *et al.*, | ) Case No. 19-10702 (MFW) |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |
| | ) **Re: D.I. 521** |

# ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, (III) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS, (IV) ESTABLISHING THE VOTING RECORD DATE, (V) FIXING THE DATE, TIME, AND PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO, AND <u>(VI) APPROVING RELATED NOTICE  PROCEDURES</u>

Upon consideration of the *Motion of Debtors for Entry of an Order (I) Approving the Disclosure Statement, (II) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Plan, (III) Approving the Form of Ballot and Solicitation Materials, (IV) Establishing the Voting Record  Date, (V) Fixing the Date, Time, and Place for the Confirmation  Hearing and the Deadline for Filing Objections Thereto, and (VI) Approving*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southcross Energy Partners, L.P. (5230); Southcross Energy Partners GP, LLC (5141); Southcross Energy Finance Corp. (2225); Southcross Energy Operating, LLC (9605); Southcross Energy GP LLC (4246); Southcross Energy LP LLC (4304); Southcross Gathering Ltd. (7233); Southcross CCNG Gathering Ltd. (9553); Southcross CCNG Transmission Ltd. (4531); Southcross Marketing Company Ltd. (3313); Southcross NGL Pipeline Ltd. (3214); Southcross Midstream Services, L.P. (5932); Southcross Mississippi Industrial Gas Sales, L.P. (7519); Southcross Mississippi Pipeline, L.P. (7499); Southcross Gulf Coast Transmission Ltd. (0546); Southcross Mississippi Gathering, L.P. (2994); Southcross Delta Pipeline LLC (6804); Southcross Alabama Pipeline LLC (7180); Southcross Nueces Pipelines LLC (7034); Southcross Processing LLC (0672); FL Rich Gas Services GP, LLC (5172); FL Rich Gas Services, LP (0219); FL Rich Gas Utility GP, LLC (3280); FL Rich Gas Utility, LP (3644); Southcross Transmission, LP (6432); T2 EF Cogeneration Holdings, LLC (0613); and T2 EF Cogeneration LLC (4976).  The debtors' mailing address is 1717 Main Street, Suite 5300, Dallas, TX 75201.

*Related Notice Procedures* (the "**Motion**");[2] and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and opportunity for a hearing on the Motion having been given to the parties listed therein; and the Court having reviewed and considered the Motion and the Declarations; and the Court having the opportunity to hold a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AS FOLLOWS:**

A.  The disclosure statement, as the same may be updated, supplemented, amended, and/or otherwise modified from time to time (the "**Disclosure Statement**"), contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code;

B.  The form of ballot attached to the Motion as Exhibit B (the "**Ballot**") (i) is

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, the Disclosure Statement, and the Plan, as applicable.

consistent with Official Form No. 14, (ii) adequately addresses the particular needs of the Chapter 11 Cases, (iii) is appropriate for the Voting Classes, and (iv) complies with Bankruptcy Rule 3017(d).

C.   Ballots need not be provided to holders of Claims or Interests in the following Classes, as such Non-Voting Classes are either (i) unimpaired and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code or (ii) impaired but will neither retain nor receive any property under the Plan and are thus conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| Class | Designation | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| Class 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| Class 5 | General Unsecured Claims | Impaired | Deemed to Reject |
| Class 6 | Sponsor Note Claims | Impaired | Deemed to Reject |
| Class 7 | Subordinated Claims | Impaired | Deemed to Reject |
| Class 8 | Existing Interests | Impaired | Deemed to Reject |

D.   The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Claimholders in the Voting Classes to make informed decisions to accept or reject the Plan and submit their Ballots in a timely fashion.

E.   The Tabulation Procedures (as defined below) for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.  The contents of the Solicitation Packages and the procedures for providing notice of the Disclosure Statement Hearing, the Confirmation Hearing, and the other matters set forth in the Disclosure Statement Hearing Notice and the Confirmation Notice comply with Bankruptcy Rules 2002 and 3017, Local Rule 3017-1 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.  The relief requested in the Motion is granted as set forth herein.

2.  The Disclosure Statement is hereby approved under section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-1.

3.  The Ballot substantially in the form attached to the Motion as <u>Exhibit B</u> is hereby approved.

4.  In order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed, and delivered, by either mail, overnight courier, personal delivery, or electronic, online transmission at the website created for the Debtors' Chapter 11 Cases by the Solicitation and Claims Agent, http://www.kccllc.net/southcrossenergy, so that they are actually received no later than 6:00 p.m. (prevailing Eastern Time) on November 27, 2019 (the "**Voting Deadline**"). Parties entitled to vote shall be authorized in their sole discretion to complete an electronic Ballot and electronically sign and submit the Ballot to the Solicitation and Claims Agent. Ballots transmitted by facsimile or e-mail will not be counted.

5.  The following procedures shall be utilized in tabulating the votes to accept or reject the Plan (the "**Tabulation Procedures**"):

   a.  Unless otherwise provided in these Tabulation Procedures, a Claim will be

deemed temporarily allowed for voting purposes only in an amount equal to (i) the amount of such Claim as set forth in the Debtors' Schedules of Assets and Liabilities (including all amendments thereto, the "**Schedules**") if no Proof of Claim has been timely filed in respect of such Claim or (ii) if a Proof of Claim has been timely filed in respect of such Claim, the amount set forth in such Proof of Claim.

b. Duplicative Claims (*i.e.*, the same Claim against two or more of the Debtors) listed in the Schedules or in timely-filed Proofs of Claim will be deemed temporarily allowed for voting purposes only in an amount equal to one such Claim and not in an amount equal to the aggregate of such Claims.

c. If a Claim, for which no Proof of Claim has been timely filed, is listed on the Schedules, but is listed as contingent, unliquidated, or disputed, either in whole or in part, or if no Claim amount is specified, such Claim shall be disallowed for voting purposes; provided, however, that any undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

d. If a Claim, for which a Proof of Claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Record Date, is marked or otherwise referenced on its face as contingent, unliquidated, or disputed, either in whole or in part, or if no Claim amount is specified on such Proof of Claim, such Claim shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such Claim may or may not be set forth on the Schedules; provided, however, that any undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

e. If the Debtors have served an objection or request for estimation as to a Claim at least ten calendar days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection.

f. If a Claimholder identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Procedures, the Claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

g. Claimholders will not be entitled to vote Claims to the extent such Claims have been superseded and/or amended by other Claims filed by or on behalf of such Claimholders.

h. Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtors (in their sole discretion).

i. Any Ballot that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted.

j. Any Ballot that is returned indicating acceptance or rejection of the Plan but is unsigned will not be counted.

k. Whenever a Claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

l. If a Claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

m. Each Claimholder will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

n. Claimholders may not split their vote within a Class; thus, each Claimholder will be required to vote all of its Claims within the Class either to accept or reject the Plan.

o. Ballots partially rejecting and partially accepting the Plan will not be counted.

p. An original executed Ballot is required to be submitted by the entity submitting any written Ballot. Subject to the other procedures and requirements herein, completed, executed Ballots also may be submitted via the online portal maintained by the Solicitation and Claims Agent at www.kccllc.net/southcrossenergy.

q. Delivery of a Ballot by facsimile, telecopy, or any other electronic means shall not be valid; *provided, however*, that Ballots submitted through the online voting portal will be counted.

r. The method of delivery of Ballots to the Solicitation and Claims Agent is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Solicitation and Claims Agent.

s. The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes to the terms of the Plan, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

t. If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a Claimholder, such person will be required to indicate such capacity when signing and, at the Solicitation and Claims Agent's discretion, must submit proper evidence satisfactory to the Solicitation and Claims Agent to so act on behalf of the Claimholder.

    u. Any Claimholder who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

    v. Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

    w. Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

    x. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification.

6.    Upon completion of the balloting, the Solicitation and Claims Agent shall certify the amount and number of Allowed Claims in the Voting Classes accepting or rejecting the Plan. The Debtors shall cause such certification to be filed with the Court prior to the Confirmation Hearing.

7.    If any Claimholder seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Claimholder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve the Rule 3018 Motion on the Debtors so that it is received no later than **4:00 p.m. (prevailing Eastern Time) on the fifth day after the later of (a) service of the Confirmation Notice and (b) service of notice of an objection, if any, to such Claim**. Any Ballot submitted by a Claimholder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying Claim or Interest is temporarily allowed by the Court for voting purposes in a different

amount, after notice and a hearing.

8.  The Confirmation Hearing is hereby scheduled for **December 9, 2019 at 2:00 p.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time by the Debtors, in consultation with the Ad Hoc Group, without further notice other than by (a) announcing the adjourned date(s) at the Confirmation Hearing (or any continued hearing) or (b) filing a notice with the Court.

9.  Objections to confirmation of the Plan on any ground, including adequacy of the disclosures therein, if any, must (a) be in writing and (b) be filed with the Court and served on (i) counsel to the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attention: Marshall S. Huebner, Darren S. Klein, and Steven Z. Szanzer) and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899 (Attention: Andrew R. Remming and Robert J. Dehney), (ii) counsel to the post-petition lenders and an ad hoc group of prepetition lenders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099 (Attention: Joseph G. Minias, Paul V. Shalhoub, and Debra McElligott), and (B) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attention: Matthew B. Lunn), (iii) counsel to the administrative agent under Southcross's prepetition secured revolving credit facility, prepetition secured term loan facility, and the post-petition credit facility, (A) Arnold & Porter Kaye Scholer LLP, 70 W. Madison Street, Suite 4200, Chicago, IL 60614 (Attention: Seth J. Kleinman), (B) Arnold & Porter Kaye Scholer LLP, 250 W. 55th Street, New York, NY 10019 (Attention: Alan Glantz), and (C) Duane Morris, LLP, 222 Delaware Avenue, Suite 1600, Wilmington, DE

19801 (Attention: Christopher M. Winter), (iv) the Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attention: Richard Schepacarter), and (v) counsel to Southcross Holdings LP and its non-Debtor subsidiaries, (A) Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022 (Attention: Natasha Labovitz) and (B) Ashby & Geddes, P.A., 500 Delaware Ave., 8th Floor P.O. Box 1150, Wilmington, Delaware 19899 (Attention: William P. Bowden), so that they are received **no later than 6:00 p.m. (prevailing Eastern Time) on November 27, 2019** (the "**Confirmation Objection Deadline**").  The Debtors shall, if they deem necessary in their discretion, file a consolidated reply to any such objections and/or any affidavits or declarations in support of approval of the Plan by no later than **December 6, 2019** (or two calendar days prior to the date of any adjourned Confirmation Hearing).

10. The Confirmation Notice, in substantially the form attached to the Motion as Exhibit D, is approved.  The Debtors shall serve the Confirmation Notice on (a) the U.S. Trustee, (b) the Non-Voting Classes, (c) all entities that are party to executory contracts and unexpired leases with the Debtors, (d) all entities that are party to litigation with the Debtors, (e) all current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records), (f) all regulatory authorities that regulate the Debtors' businesses, (g) the Office of the Attorney General for the State of Delaware, (h) the office of the attorney general for each state in which the Debtors maintain or conduct business, (i) the District Director of the Internal Revenue Service for the District of Delaware, (j) all other taxing authorities for the jurisdictions in which the Debtors

maintain or conduct business, (k) the Securities and Exchange Commission, and (l) all parties who filed a request for service of notices under Bankruptcy Rule 2002 no later than five Business Days after the entry of this Order.

11. Pursuant to Bankruptcy Rule 3017(c), November 6, 2019, the date of the Disclosure Statement Hearing, shall be the record date for purposes of determining which holders of Claims are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "**Record Date**").

12. With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

13. The Solicitation and Claims Agent shall mail Solicitation Packages no later than five Business Days after the entry of this Order to the Voting Classes containing copies of (a) the Confirmation Notice, (b) the Disclosure Statement, (c) the Plan, (d) this Order (without exhibits), (e) a Ballot, and (f) any other documents and materials that the Debtors deem appropriate.

14. The Debtors shall not be required to transmit Solicitation Packages to holders of Claims in Classes 1, 2, 5, 6, 7, and 8 (collectively, the "**Non-Voting Classes**") under the Plan. The Debtors shall mail or caused to be mailed by first-class mail to holders of Claims in the

Non-Voting Classes a copy of the Notice of Non-Voting Status, substantially in the form attached to the Motion as Exhibit C.

15. The Debtors are authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Disclosure Statement and the Plan and any other materials included in the Solicitation Package prior to their distribution.

16. The Debtors shall file the Plan Supplement by November 25, 2019, provided that the Debtors may amend, supplement, or otherwise modify the Plan Supplement prior to the Confirmation Hearing and/or in accordance with the Plan; *provided, however*, that the Schedule of Rejected Contracts and Leases shall be filed no later than five business days prior to the objection deadline with respect to confirmation of the Plan and shall be subject to the terms and conditions set forth in Section 10.1 of the Plan.

17. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

18. The Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

19. This Order is effective immediately upon entry.

**Dated: November 7th, 2019**  
**Wilmington, Delaware**

12  *Mary F. Walrath* (signature)
MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE