IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOUTHCROSS ENERGY PARTNERS, L.P., *et al.*, | ) ) | Case No. 19-10702 (MFW) |
| Debtors.[1] | ) | Jointly Administered |
| | ) ) | **Re: D.I. 768 & 804** |

**ORDER (I) APPROVING THE DEBTORS' CONTINUED SOLICITATION OF THE AMENDED CHAPTER 11 PLAN, (II) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT SUPPLEMENT IN CONNECTION WITH THE AMENDED CHAPTER 11 PLAN, (III) ESTABLISHING CERTAIN DEADLINES AND PROCEDURES IN CONNECTION WITH CONFIRMATION OF THE AMENDED CHAPTER 11 PLAN, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Southcross Energy Partners, L.P. ("**Southcross**"), Southcross Energy Partners GP, LLC, and Southcross's wholly owned direct and indirect subsidiaries, each of which is a debtor and debtor in possession in the Chapter 11 Cases (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 105(a), 1125, and 1127 of the Bankruptcy Code, Rule 3017 of the Bankruptcy Rules, and Local Rule 3017-1, (i) approving the Debtors' continued solicitation of the Amended

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: Southcross Energy Partners, L.P. (5230); Southcross Energy Partners GP, LLC (5141); Southcross Energy Finance Corp. (2225); Southcross Energy Operating, LLC (9605); Southcross Energy GP LLC (4246); Southcross Energy LP LLC (4304); Southcross Gathering Ltd. (7233); Southcross CCNG Gathering Ltd. (9553); Southcross CCNG Transmission Ltd. (4531); Southcross Marketing Company Ltd. (3313); Southcross NGL Pipeline Ltd. (3214); Southcross Midstream Services, L.P. (5932); Southcross Mississippi Industrial Gas Sales, L.P. (7519); Southcross Mississippi Pipeline, L.P. (7499); Southcross Gulf Coast Transmission Ltd. (0546); Southcross Mississippi Gathering, L.P. (2994); Southcross Delta Pipeline LLC (6804); Southcross Alabama Pipeline LLC (7180); Southcross Nueces Pipelines LLC (7034); Southcross Processing LLC (0672); FL Rich Gas Services GP, LLC (5172); FL Rich Gas Services, LP (0219); FL Rich Gas Utility GP, LLC (3280); FL Rich Gas Utility, LP (3644); Southcross Transmission, LP (6432); T2 EF Cogeneration Holdings LLC (0613); and T2 EF Cogeneration LLC (4976). The debtors' mailing address is 1717 Main Street, Suite 5300, Dallas, TX 75201.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

Chapter 11 Plan, (ii) approving the adequacy of the Disclosure Statement Supplement for the Amended Plan, (iii) establishing certain deadlines and procedures in connection with the solicitation, tabulation, and confirmation of the Amended Plan, and (iv) granting related relief; and the Court having jurisdiction to consider the matters raised in the Motion pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having authority to hear the matters raised in the Motion pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the requested relief being a core proceeding that the Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion and opportunity for a hearing on the Motion having been given to the parties listed therein, and it appearing that no other or further notice need be provided; and opportunity for a hearing on the Motion having been given to the parties listed therein; and the Court having reviewed and considered the Motion; and the Court having the opportunity to hold a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing (if any) establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion being in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY FOUND AND DETERMINED THAT:

    1.    The relief requested in the Motion is granted as set forth herein.

2. The Disclosure Statement Supplement, substantially in the form attached hereto as <u>Exhibit 1</u>, is approved in all respects pursuant to sections 1125 and 1127 of the Bankruptcy Code and Bankruptcy Rule 3017.

3. All other solicitation, voting, and Tabulation Procedures previously approved in the Disclosure Statement Order, and not otherwise explicitly modified by this Order, shall remain in effect and binding. For the avoidance of doubt, the forms of Confirmation Hearing Notice and Ballots, as well as the Tabulation Procedures, as approved by the Disclosure Statement Order, shall remain approved and effective. The Debtors shall serve the Confirmation Hearing Notice on (a) the U.S. Trustee, (b) the Non-Voting Classes, (c) all entities that are party to executory contracts and unexpired leases with the Debtors, (d) all entities that are party to litigation with the Debtors, (e) all current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records), (f) all regulatory authorities that regulate the Debtors' businesses, (g) the Office of the Attorney General for the State of Delaware, (h) the office of the attorney general for each state in which the Debtors maintain or conduct business, (i) the District Director of the Internal Revenue Service for the District of Delaware, (j) all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business, (k) the Securities and Exchange Commission, and (l) all parties who filed a request for service of notices under Bankruptcy Rule 2002 no later than five Business Days after the entry of this Order.

4. The Claims Agent shall mail Supplemental Solicitation Packages as soon as practicable after the entry of this Order to the holders of Claims in the Voting Classes.

5. As soon as practicable after the Voting Deadline, the Claims Agent shall certify the amount and number of Allowed Claims in the Voting Classes accepting or rejecting the Plan. The Debtors shall cause such certification to be filed with the Court prior to the Confirmation Hearing.

6. Holders of Claims in Classes 3 and 4 of the Amended Plan are entitled to receive the Supplemental Solicitation Package and are permitted, but not required, to cast new Ballots to vote on the Amended Plan.

7. In order to be counted as votes to accept or reject the Amended Plan, all Ballots must be properly executed, completed, and delivered, by either mail, overnight courier, personal delivery, or electronic, online transmission at the website created for the Debtors' Chapter 11 Cases by the Claims Agent, http://www.kccllc.net/southcrossenergy, so that they are actually received no later than 6:00 p.m. (prevailing Eastern Time) on January 21, 2020 (the "**Voting Deadline**"). Parties entitled to vote are authorized to rely upon Ballots submitted in connection with the Original Plan; only the latest dated Ballot timely received will be deemed to reflect the voter's intent respecting the Amended Plan and, thus, will supersede any prior Ballots. Parties entitled to vote shall be authorized in their sole discretion to complete an electronic Ballot and electronically sign and submit the Ballot to the Claims Agent. Ballots transmitted by facsimile or e-mail will not be counted. The Debtors, in consultation with the Ad Hoc Group, shall be entitled to extend the Voting Deadline.

8. The Confirmation Hearing is hereby scheduled for **January 27, 2020 at 10:30 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time by the Debtors, in consultation with the Ad Hoc Group, without further

notice other than by (a) announcing the adjourned date(s) at the Confirmation Hearing (or any continued hearing) or (b) filing a notice with the Court, by agenda or otherwise.

9. Objections to confirmation of the Amended Plan on any ground must (a) be in writing and (b) be filed with the Court and served on (i) counsel to the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attention: Marshall S. Huebner, Darren S. Klein, and Steven Z. Szanzer) and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899 (Attention: Andrew R. Remming and Robert J. Dehney), (ii) counsel to the post-petition lenders and an ad hoc group of prepetition lenders, (A) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099 (Attention: Joseph G. Minias, Paul V. Shalhoub, and Debra C. McElligott), and (B) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attention: Matthew B. Lunn), (iii) counsel to the administrative agent under Southcross's prepetition secured revolving credit facility, prepetition secured term loan facility, and the post-petition credit facility, (A) Arnold & Porter Kaye Scholer LLP, 70 W. Madison Street, Suite 4200, Chicago, IL 60614 (Attention: Seth J. Kleinman), (B) Arnold & Porter Kaye Scholer LLP, 250 W. 55th Street, New York, NY 10019 (Attention: Alan Glantz), and (C) Duane Morris, LLP, 222 Delaware Avenue, Suite 1600, Wilmington, DE 19801 (Attention: Christopher M. Winter), (iv) the Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attention: Richard Schepacarter), and (v) counsel to Southcross Holdings LP and its non-Debtor subsidiaries, (A) Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022 (Attention: Natasha Labovitz) and (B) Ashby & Geddes,

P.A., 500 Delaware Ave., 8th Floor P.O. Box 1150, Wilmington, Delaware 19899 (Attention: William P. Bowden), so that they are received **no later than 6:00 p.m. (prevailing Eastern Time) on January 21, 2020**.  The Debtors, if they deem necessary in their discretion, or any other party in interest shall file a consolidated reply to any such objections and/or any affidavits or declarations in support of approval of the Amended Plan by no later than **January 23, 2020** (or two calendar days prior to the date of any adjourned Confirmation Hearing).

      10.      Nothing in this Order shall modify the Record Date set forth in the Disclosure Statement Order, which, for the avoidance of doubt, is October 28, 2019.

      11.      Any objections to confirmation of the Amended Plan not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

      12.      The Debtors shall not be required to transmit Supplemental Solicitation Packages or Non-Voting Notices to holders of Claims or Interests in Classes 1, 2, 5, 6, 7, and 8 under the Plan.

      13.      The Debtors are authorized to make non-substantive and ministerial changes to any documents in the Supplemental Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Disclosure Statement Supplement and the Amended Plan and any other materials included in the Supplemental Solicitation Package prior to their distribution.

      14.      The Debtors shall file the Plan Supplement by January 9, 2020, provided that the Debtors may amend, supplement, or otherwise modify the Plan Supplement prior to the Confirmation Hearing and/or in accordance with the Amended Plan.

15. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

16. The Court shall retain jurisdiction to hear and determined all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

17. This Order is effective immediately upon entry.

**Dated: January 7th, 2020**
**Wilmington, Delaware**

7

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**